WESTERN PUBLISHING COMPANY, INC., Plaintiff,

v.

LOCAL 254, GRAPHIC ARTS INTERNATIONAL UNION, et al., Defendants.

No. 73–C–259.

United States District Court,
E. D. Wisconsin.

Oct. 15, 1976.

Rex Capwell, Racine, Wis., for plaintiff; Vedder, Price, Kaufman & Kammholz, Chicago, Ill., of counsel.

Daniel L. Shneidman, Milwaukee, Wis., for defendants; Cotton, Watt, Jones, Chicago, Ill., of counsel.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Cross motions for summary judgment are now before the court. The plaintiff contends that it is entitled to summary judgment on the issue of liability; the defendant union has opposed the plaintiff's motion and urges that the court grant the union's motion for summary judgment.

In its decision of September 4, 1975, reported at 522 F.2d 530, the court of appeals for this circuit ruled as follows:

"We therefore find that the Union has breached the no-strike clause of the collective bargaining agreement. The Company has suffered no damage, however, unless it is also ascertained that 'Easyriders' was not struck work, and therefore a job that members of the Union were required to perform. The district court did not reach that question and consequently, we remand for a determination of that issue."

I believe that there are no issues of material fact to be determined and that there remain for determination only issues of law. This court must now determine whether the work which the union members refused to perform, namely the production of Easyriders magazine, constituted "struck work" within the meaning of article 18 of the contract.

Article 18 of the agreement provides:

"*ARTICLE 18. STRUCK WORK*

'The Company agrees that it will not render production assistance to any employer, any of whose plants is struck by any local of the Lithographers and Photoengravers International Union or by the International, or where members of any such local or the International are locked out, by requiring the employees covered by this contract to handle any struck work farmed out directly or indirectly by such employer, other than work which the Company herein customarily has performed for the employer involved in such strike or lockout. The Union through its officers will inform or advise the Company and its membership as to struck work."

The preparation of the Easyriders magazine was customarily performed at Hannibal, Missouri. This is not a case in which a struck employer arranged to distribute its work by having others perform it. On the contrary, it is clear that the decision to transfer the Easyriders job to the Racine plant was not a "farming out" of work which had previously been handled by a struck employer.

The decision to close the Hannibal plant required that the Easyriders job be reassigned to other plants. This work would not have been returned to Hannibal even if the strike had ended shortly after April 19, 1973. The decision to close the Hannibal plant permanently was made well before the defendant objected to working on the Easyriders magazine at Racine. I find that the determination by the plaintiff to close its Hannibal plant was not conditioned upon the termination of the strike.

Under all the circumstances, the court finds that Easyriders was not struck work. It was work which the members of the union were obligated to perform under their contract. *N.L.R.B. v. Business Mach. Mechanics, Local 459*, 228 F.2d 553 (2d Cir. 1955), cert. denied, 351 U.S. 962, 76 S.Ct. 1025, 100 L.Ed. 1483 (1956); *Squillacote v. Graphic Arts Int'l Union (GAIU) Local 277*, 388 F.Supp. 258, 262 (E.D.Wis.1975), aff'd 519 F.2d 1405 (7th Cir. 1975).

Therefore, IT IS ORDERED that the union's motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the plaintiff's motion for summary judgment on the issue of liability be and hereby is granted.